# IN THE COURT OF APPEALS OF IOWA

No. 21-0602
Filed June 29, 2022

**TONY LEE LOPEZ,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

     Tony Lee Lopez appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

     Karmen Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

     Considered by Bower, C.J., Schumacher, J., and Doyle, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BOWER, Chief Judge.**

On October 22, 2018, Tony Lee Lopez pleaded guilty to robbery in the first degree, in violation Iowa Code section 711.2 (2017). Lopez was twenty-two years old when he committed the offense. This court affirmed his conviction on direct appeal. *State v. Lopez*, No. 18-2141, 2020 WL 824090, at *1 (Iowa Ct. App. Feb. 19, 2020). Lopez was sentenced to the statutory twenty-five-year prison term with a mandatory minimum of seventeen and one-half years.

On April 15, 2019, Lopez filed an application for postconviction relief, asserting he should be resentenced under the juvenile sentencing framework. An amended application was filed March 31, 2021, and the district court heard arguments on April 2. The court dismissed Lopez's application, finding no basis under which he would be entitled to relief.

On appeal, Lopez argues he should have been treated as a juvenile, not an adult, for purposes of sentencing. More specifically, even though he was twenty-two years old when he committed the underlying crime, he believes the ban on mandatory minimum sentences for juveniles as stated in *State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014), should apply to him and other young adults who are still developing mentally but beyond *Lyle*'s cutoff age of eighteen.

Our supreme court recently affirmed a "bright-line constitutional distinction between juvenile offenders and adult offenders for purposes of article I, section 17." *Dorsey v. State*, ___ N.W.2d ___, ___, 2022 WL 2080221, at *5 (Iowa 2022); *see also Sandoval v. State*, ___ N.W.2d ___, ___, 2022 WL 2080953, at *4 (Iowa 2022). "The categorical constitutional distinction . . . between juveniles and adults was based on the long-accepted legal categorical distinction drawn between

juveniles and adults." *Dorsey*, ___ N.W.2d at ___, 2022 WL 2080221, at *4. The supreme court firmly closed the door on extending the principles from *Lyle* to offenders who may still be developing mentally but are eighteen years of age or older. *See id.* at *5.

We affirm the dismissal of Lopez's application.

**AFFIRMED.**